NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANSELMO MILLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF HARRISON, *et al.*,<br><br>    Defendants. | No. 20cv2241 (EP) (CLW)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

Plaintiff Anselmo Millan, a former Harrison, New Jersey town council member, brings a First Amendment retaliation claim against Harrison and Mayor James A. Fife ("Fife") pursuant to 42 U.S.C. § 1983. D.E. 1 ("Compl." or "Complaint"). Plaintiff alleges that Fife violated Plaintiff's First Amendment rights by retaliating against Plaintiff for running competing mayoral campaigns in 2018 and 2022. The alleged retaliation took the form of, among other things, locking Plaintiff out of office space at a local senior center (the "Office"). This Court granted Defendants' summary judgment motion and dismissed the Complaint as time-barred. D.E.s 44 ("SJ Op."), 45.

Plaintiff now moves to reconsider, arguing that the Court overlooked certain arguments in Plaintiff's opposition to Defendants' summary judgment motion. D.E. 46 ("Mot.") (citing D.E. 42 ("SJ Opp'n"). Defendants oppose and cross-move for sanctions.[1] D.E.s 47 ("Opp'n"), 48 ("Sanctions Mot."). Plaintiff replies. D.E. 49 ("Reply"). For the reasons below, both motions will be **DENIED**.[2]

---

[1] Judge Waldor terminated the Sanctions Motion as premature. D.E. 50.
[2] The Court decides the motions without oral argument. Fed. R. Civ. P. 78; L.Civ.R.78(b).

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

To prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must prove that "(1) he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (cleaned up). "If a plaintiff satisfies these elements, the government may avoid liability if it can show by a preponderance of the evidence that it would have taken the adverse action 'even in the absence of the protected conduct.'" *Miller v. Clinton Cty.*, 544 F.3d 542, 548 (3d Cir. 2008) (quoting *Watters v. City of Phila.*, 55 F.3d 886, 892 (3d Cir. 1995)).

The Court's summary judgment opinion held that Plaintiff's claims were time barred by New Jersey's two-year statute of limitations on § 1983 claims. SJ Op. at 5, *et seq.* Specifically, the Court found that Plaintiff's retaliation claim accrued, based on the evidence provided, on (1) February 18, 2018, when Fife informed Plaintiff that he would be locked out of the Office; (2) February 23, 2018, the date of the actual lockout when Plaintiff's secretary called Plaintiff's

2

attorney's office about the lockout; or (3) at the latest, on March 1, 2018, when Plaintiff wrote a letter to Fife arguing that the lockout was illegal. *See id.* at 6. The Court rejected Plaintiff's argument that a different letter, sent on March 2, 2018 from Fife to Plaintiff, did not constitute a discrete retaliatory act simply because Plaintiff *alleged*, without any record evidence, that it contained wrongful accusations. *Id.* at 8. Thus, the Court found that the Complaint, filed March 2, 2020, was untimely.

As part of that holding, the Court rejected Plaintiff's argument that *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), an employment discrimination case, applied to the facts here. Plaintiff is correct that the Court misinterpreted his *Morgan* argument; *Morgan*'s holding that each discrete retaliatory act carries its own statute of limitations applies "with equal force to § 1983 claims." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006).[3] Plaintiff is correct, in other words, that "First Amendment retaliation claims are always individually actionable, even when relatively minor," and that each "discrete" violation "g[ives] rise to a cause of action at the time it occurred." *Id.* at 129 ("First Amendment retaliation claim will lie for any individual act which meets this 'deterrence threshold,' and that threshold is very low: . . . a cause of action is supplied by all but truly de minimis violations.").[4]

Nevertheless, the Court adheres to its earlier reasoning. The Court held that, even if *Morgan*'s reasoning applies, the March 2, 2018 letter—exactly 2 years before the Complaint—did not constitute a discrete retaliatory act simply because Plaintiff *alleged* that it contained wrongful accusations. SJ Op. at 8. The Court found that "Plaintiff does not identify the accusations, explain

---

[3] Though Plaintiff cites *O'Connor* here for that proposition, Plaintiff did not do so in his summary judgment opposition. *See* D.E. 42 at 12 (citing *O'Connor* once for the proposition that New Jersey's statute of limitations for § 1983 claims is 2 years).

[4] Because Plaintiff is correct on this point, his arguments are nonfrivolous, and the Court will restore and deny Defendants' Sanctions Motion.

3

how they constitute retaliation, or provide any other detail." *Id.* Thus, the Court did not misapprehend or overlook any record evidence—Plaintiff did not identify any.

Plaintiff, as he did in opposition to Defendants' summary judgment motion, argues that the March 2, 2018 letter from Mayor Fife to Plaintiff contained "new accusations of wrongdoing" that were themselves discrete retaliatory acts. SJ Op. at 8 (citing SJ Opp'n at 14). Only now does Plaintiff specify those allegedly false accusations: that Plaintiff "wrongfully us[ed] the office for his personal use," "caus[ed] costs and expenses to the Town of Harrison that were not reimbursed," "fail[ed] to provide an account despite requests from council members for the monies received for the events," and "failed to procure a grant . . . for the Harrison Façade Program." Mot. at 6.

As an initial matter, it is not clear that these statements alone are actionable because they would not have deterred "a person of ordinary firmness" from protected conduct. *See Koren v. Noonan*, 586 F. App'x 885, 888 (3d Cir. 2014) ("[I]n the political arena, courts have consistently rejected First Amendment retaliation claims based upon assertions of purportedly false reports or criticism."). But additionally, Plaintiff did not previously, and does not now, provide a declaration or cite to specific evidence in the record identifying a genuine issue of material fact as to whether the March 2 letter's accusations were, in fact wrongful—and therefore potentially retaliatory.

Indeed, Plaintiff concedes that he relied substantially on the Complaint's allegations. *See* Reply at 6 ("Defendants are correct" that "Plaintiff cites to his complaint advising the Court that it overlooked several factual allegations of discrete discriminatory acts, occurring after March 2, 2018, that preclude summary judgment on the defense of statute of limitations and constitute disputed issues of material fact."). Plaintiff seems to ask the Court to connect the dots between the Complaint's allegations and the March 2, 2018 letter and find that there is, at minimum, a triable issue of fact that the March 2, 2018 letter contained false accusations levied in retaliation

for Plaintiff running for Fife's position.  *See* Mot. at 6[5]; Reply at 4 ("The factual issues raised in this motion are part of the four corners of the [C]omplaint[, which] alleges several underlying discrete discriminatory acts which occurred after March 2, 2018.").

In other words, Plaintiff did not initially—and does not now—highlight "particular parts of materials *in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).  This was determinative in the Court's decision to grant summary judgment, and equally determinative here.  *Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) ("[T]he nonmoving party cannot rely only on allegations in the complaint to defeat summary judgment; rather, he "must rely on affidavits, depositions, answers to interrogatories, or admissions on file."); *see Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) ("Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment."); *Williams v. McDonough*, No. 21cv781, 2023 U.S. Dist. LEXIS 176860, at *12-13 (W.D. Mo. Oct. 2, 2023) (subjective belief, without "specific factual evidence," insufficient to support retaliation claim); *Lalumiere v. Willow Springs Care,* No. 16cv3133, 2017 U.S. Dist. LEXIS 229461, at *25 (E.D. Wash. Nov. 7, 2017) (failure to support retaliation claims with sufficient evidence fails to raise a genuine issue of material fact as to constructive discharge claim based on retaliation); *McPherson v. Longwood Cent. Sch. Dist.*, No. 07cv5303, 2011 U.S. Dist. LEXIS 173704, at *27-28 (E.D.N.Y. July 14, 2011) ("[A]t the summary judgment stage, [the p]laintiffs simply have not raised an issue of fact as to whether the [child protective services] report was made in bad faith or whether it contained false accusations."); *cf. Goins v. Newark Hous.*

---

[5] The relevant portion of Plaintiff's underlying brief contains not a single citation to the record.  SJ Opp'n at 12-15.

5

*Auth.*, No. 15-2195, 2021 U.S. Dist. LEXIS 5512, at *22-23 (D.N.J. Jan. 12, 2021) (finding that plaintiff demonstrated a material dispute of fact exists as to employer's retaliatory motive and whether performance improvement plan was "*actually predicated on false accusations*" where plaintiff included declaration that she "was purposely assigned contracts with preexisting problems and then penalized for those problems") (emphasis added).

As to Plaintiff's *other* alleged examples of "discrete retaliatory acts," the Court likewise held that they were "vague, opaque, and unsupported." SJ Op. at 8. And again, Plaintiff cites only to the Complaint's allegations: denying Plaintiff the right to "hold the Christmas Celebration with Santa Claus," "fir[ing] close allies of Mr. Millan after he announced his candidacy," "confiscating [Plaintiff's constituent[] files" and "decid[ing] on behalf of the Town of Harrison that the Harrison Fest would no longer be associated with the municipal government." Mot. at 9. But even assuming that each of these constituted discrete retaliatory acts, the Court previously held that the claims are "neither detailed nor supported by any record evidence." SJ Op. at 9. Plaintiff presents neither anything new, nor anything previously overlooked, with respect to these allegations.

Where Plaintiff *does* cite to the record, the exhibits do not support his argument. For example, Plaintiff—for the first time—directs the Court to Defendants' Summary Judgment Exhibit 11, the deposition transcript of John M. Pinho, one of the individuals allegedly terminated as retaliation. But Pinho could not identify precisely when he was terminated, even when using the March 2, 2018 letter as a specific reference point. *See* D.E. 39-3 at 130 (Pinho testifying that he "can't tell" counsel whether he was terminated before or after March 2, 2018).[6]

---

[6] Notably, despite Pinho testifying that he "safeguard[ed]" the letter, D.E. 39-3 at 130 (Tr. at 51:4-8), there is no indication from the record that Plaintiff sought discovery of that letter. Plaintiff relied entirely upon Defendants' exhibits during summary judgment briefing.

6

Similarly, only upon reconsideration does Plaintiff, for the first time, cite Mayor Fife's deposition transcript as "describ[ing] the Town's lack of formal requests for an accounting for the Harrison Fest." Mot. at 9. And Plaintiff previously cited wide swaths of the same transcript for the proposition that Plaintiff "was removed from office . . . because he was running for Mayor." SJ Opp'n at 6 (citing D.E. 39-3 ("Fife Dep.") at 7, 11, 12, 15, 21-23).

In both instances, Plaintiff argues that the deposition "raises a disputed issue of material fact." *See id.*; Mot. at 7. In neither does Plaintiff explain precisely how. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Indeed, examination of those portions of the transcript does not reveal support for either allegation or, in same cases, contradicts the allegations. *See, e.g.*, Fife Dep at 7:1-22 (testifying that Millan informed Fife that Millan intended to run in the primary); 11:20-12:11 (testifying that Harrison did not generally give anyone else an office and that other council members opposed giving Millan an office). At best, they support the Court's prior holding: that Plaintiff knew, as early as the Chinese New Year party in February 2018, that Fife revoked Millan's use of the office because they were no longer "working together" and Millan was "working against" Fife. *Id.* at 22-23; *see also* 15:4-25 (Fife testifying that no rules or regulations were provided for use of the office and that the relationship between Millan and Fife was generally good until Millan told Fife that "he should quit [his] job.").

For those reasons, it is:

**ORDERED** that the Clerk of Court shall **RE-OPEN** this case solely for the purposes of this decision; and it is further

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 46, is **DENIED**; and it is further

7

**ORDERED** that Defendants' sanctions motion, D.E. 48, is **RE-OPENED** and **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

September 12, 2024

_Evelyn Padin_
Evelyn Padin, U.S.D.J.